BUCHALTER
A Professional Corporation
GABRIEL G. GREEN (SBN: 222445)
ELAINE Y. CHENG (SBN: 359685)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: ggreen@buchalter.com

Attorneys for Plaintiff
The Construction Specifications
Institute, Incorporated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| THE CONSTRUCTION SPECIFICATIONS INSTITUTE, INCORPORATED, a Maryland corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ZERODOCS.COM, INC., a Minnesota corporation,<br><br>Defendant. | Case No. 8:25-cv-00475_____<br><br>**COMPLAINT FOR:**<br>**(1) COPYRIGHT INFRINGEMENT (17 U.S.C. § 501 *et seq.*)**<br>**(2) UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)(A))**<br>**(3) TRADEMARK INFRINGEMENT (15 U.S.C. § 1117)**<br>**(4) TRADEMARK DILUTION (15 U.S.C. § 1125(C))**<br>**(5) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §17200)** |

Plaintiff The Construction Specifications Institute, Incorporated ("CSI") complains against defendant Zerodocs.com, Inc. ("Zerodocs") as follows:

### INTRODUCTION

1.      Through years of research, development, and expense, CSI has created, developed, and curated what has now become recognized throughout the architectural, engineering, and construction industry as the gold standard for organizing and communicating specifications and work results for construction projects.

2.      This action arises from Zerodocs' deliberate and unlawful efforts to usurp the intellectual property rights and goodwill of CSI for Zerodocs' benefit. Zerodocs has knowingly engaged in the unauthorized use, reproduction, and distribution of CSI's copyrighted works and trademarks, all without permission or license.

3.      Specifically, Zerodocs has improperly incorporated CSI's copyrighted works into a construction spec writing software product titled "SimpleSpecs" that Zerodocs offers for sale throughout the United States. Zerodocs has never sought permission from CSI to use CSI's copyrighted works and, further, has refused to pay to CSI any licensing fees for the use of CSI's copyrighted works after Zerodocs' improper conduct was discovered. Unless enjoined, Zerodocs will continue to infringe upon CSI's copyrighted works and will mislead the consuming public that CSI is affiliated with, sponsors or is associated with Zerodocs' products, when such is not the case.

4.      As a result of Zerodocs' continuous infringement, CSI previously filed a lawsuit against Zerodocs in the U.S. District Court for the Eastern District of Virginia, providing clear notice of CSI's claims. Rather than respond, Zerodocs intentionally ignored the lawsuit, leading to CSI to seek default judgment. Only after this judgment was entered did Zerodocs take action, filing a motion to set aside the default judgment, which was ultimately granted.

5.      Zerodocs' calculated decision to ignore the Virginia litigation and later seek to overturn the default judgment demonstrates a pattern of willful misconduct, aimed at avoiding accountability while continuing to profit from CSI's intellectual property. Zerodocs' continued infringement of CSI's copyrighted works and trademarks necessitates this renewed legal action.

## COPYRIGHTS & TRADEMARKS

6.      CSI is the owner of the exclusive rights to the MasterFormat construction specifications standard ("MasterFormat Work"), and protects the

MasterFormat Work through continuous use, licensing, and the following multiple federal copyright registrations issued by the United States Copyright Office:

      a.    Number TX0000740756, obtained on March 14, 1979, for "MasterFormat : master list of section titles and numbers : manual of practice : C S I document MP-2-1" ("CSI Copyrighted Work 1").

      b.    Number TX0001538886, obtained on March 25, 1987, for "MasterFormat : master list of section titles and numbers" ("CSI Copyrighted Work 2").

      c.    Number TX0001538886, obtained on April 8, 1997, for "MasterFormat : master list of numbers and titles for the construction industry" ("CSI Copyrighted Work 3")

7. CSI is also the owner of the exclusive rights to the trademarks CSI ("CSI Mark") and MASTERFORMAT ("MASTERFORMAT Mark"), and protects the CSI Mark and MASTERFORMAT Mark through continuous use, licensing, and the following federal trademark registrations issued by the United States Patent and Trademark Office ("USPTO"):

      a.    CSI (Reg. No. 5045098; Registered: September 20, 2016; Date of First Use: March 1, 1948; covering "association services, namely promoting awareness of building specification standards to architects, engineers, contractors, facility managers, product representatives and other experts in building construction and building materials" in Class 35);

      b.    CSI (Reg. No. 5045100; Registered: September 20, 2016; Date of First Use: July 1, 1949; covering "printed periodicals in the field of building industry technologies and management" in Class 16);

      c.    CSI (Reg. No. 5045105; Registered: September 20, 2016; Date of First Use: January 1, 1977; covering "education services, namely

1    providing training of building industry personnel for certification in

2    the field of construction document technology, contract administration,

3    construction specification and construction products" in Class 41);

4         d.    CSI (Reg. No. 5085413; Registered: November 22, 2016; Date

5    of First Use: November 1, 2001; covering "electronic publications,

6    namely a magazine featuring developments in building industry

7    technologies and management recorded on computer media" in Class

8    9);

9         e.    CSI BUILDING KNOWLEDGE IMPROVING PRODUCT

10   DELIVERY and Design (Reg. No. 5045195; Registered: September

11   20, 2016; Date of First Use: January 1, 2013; covering "printed

12   periodicals in the field of building industry technologies and

13   management" in Class 16);

14        f.    CSI and Design (Reg. No. 5045200; Registered: September 20,

15   2016; Date of First Use: January 1, 2013; covering "printed periodicals

16   in the field of building industry technologies and management" in

17   Class 16);

18        g.    CSI and Design (Reg. No. 5045215; Registered: September 20,

19   2016; Date of First Use: May 1, 1986; covering "printed periodicals in

20   the field of building industry technologies and management" in Class

21   16); and

22        h.    MASTERFORMAT (Reg. No. 5085423; Registered: November

23   22, 2016; Date of First Use: June 1, 1978; covering "manuals in the

24   field of construction project management" in Class 16).

25        8.    Through CSI's continuous use, promotion, licensing and policing, the

26   MasterFormat Work, each of the CSI Marks and the MASTERFORMAT Mark

27   have gained substantial goodwill and value.

28

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

4

**PARTIES**

9.     The Construction Specifications Institute, Incorporated is a nonstock corporation incorporated in the State of Maryland and registered to do business in the Commonwealth of Virginia, with its principal headquarters at 123 N. Pitt St., Suite 450, Alexandria VA 22313.

10.     Zerodocs.com, Inc. is a corporation incorporated in the State of Minnesota, with its principal place of business at 120 Avento, Irvine, CA 92602.

**JURISDICTION AND VENUE**

11.     This action arises under the United States Copyright Act, 17 U.S.C. § 101 et. seq. (the "Copyright Act") and Trademark Act 15 U.S.C. § 1051 et. seq. (the "Lanham Act").  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

12.     This Court has personal jurisdiction over Zerodocs as Zerodocs' principal place of business is Irvine, California, and it markets and promotes construction specification services throughout the country, including in this Judicial District.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

*Intellectual Property At Issue*

14.     CSI, founded in 1948, is a national not-for-profit association representing more than 6,000 members dedicated to advancing the communication of construction information. Through the continuous development and refinement of standards and formats, as well as education and certification programs, CSI enhances project delivery processes across the industry. CSI members work diligently to bridge the gap between designers' visions, material producers' solutions, and constructors' techniques, ensuring the creation of high-quality facilities that meet facility owners' objectives.

15.     The MasterFormat Work is a standard developed and maintained by

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

CSI, consisting of a structured list of numbers and titles that categorize work results and construction practices. The MasterFormat Work has become the prevailing industry standard for organizing project manuals, streamlining cost information, and linking drawing notations to specifications. By implementing a hierarchical arrangement, the MasterFormat Work enables professionals to quickly locate relevant information for bidding, understand design intent and quality requirements for installations, and estimate the costs of construction and maintenance – thereby improving efficiency and procession in construction project management.

16.    CSI initially published the text work titled "MasterFormat : master list of section titles and numbers : manual of practice : C S I document MP-2-1" on June 14, 1978 and subsequently obtained registration of the text work on March 14, 1979 with the United States Copyright Office ("Copyright Office") under registration number TX0000740756.

17.    CSI Copyrighted Work 1 – 3 were all initially published and subsequently registered as copyrights with the aforementioned registration numbers. CSI holds the copyrights to all CSI Copyrighted Works pursuant to the work-made-for-hire doctrine, as each was authored by a CSI employee within the scope of their employment with CSI or by a CSI volunteer acknowledging CSI's ownership of the work developed. CSI's authorship and official registrations further confirm CSI's exclusive copyrights in these works under 17 U.S.C. §§ 201 and 408, and these rights remain in full force and effect.

18.    Further, CSI filed applications with the USPTO to register the CSI Marks and the MASTERFORMAT Mark, based on their dates of first-use in interstate commerce for goods and services, as detailed in Paragraph 7.

19.    The USPTO approved each application and officially registered the CSI Marks and the MASTERFORMAT Mark on the respective dates listed in Paragraph 7 above. CSI has since filed with the USPTO all necessary maintenance documents for each registration in accordance with Sections 8 and 15 of the

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

Lanham Act, 15 U.S.C. §§ 1058 and 1065. As a result, each CSI Mark and the MASTERFORMAT Mark has achieved incontestable status and remains in full effect, solidifying CSI's exclusive rights in these trademarks.

***Zerodocs' Blatant Infringement***

20.     Zerodocs prominently and unlawfully displays the CSI Marks and the MASTERFORMAT Mark on the Zerodocs website to promote and market Zerodocs' products. For instance, in describing the functionality of Zerodocs' SimpleSpecs product, Zerodocs explicitly states that "[u]ploaded products are tagged using CSI MasterFormat Divisions and optional section or drawing information," falsely implying an authorized association with CSI.

21.     Even more egregiously, Zerodocs has directly incorporated CSI's copyrighted MasterFormat Work into Zerodocs' SimpleSpecs product without authorized, as evidenced by the following:

    a.     The use of divisions from the MasterFormat Work – such as "03 Concrete" and "05 Metals" – within Zerodocs' "Product List" feature;

    b.     The unauthorized use of numbers and titles from the MasterFormat Work– such as "05 50 00 Metal Fabrications" and "05 51 00 Metal Stairs" – in Zerodocs' "Specs" writing software;

    c.     The unlawful reproduction of MasterFormat numbers and titles within Zerodocs' "pre-written specifications templates" product, including classifications such as "03 05 01 Materials for Concrete" and "03 11 19 Insulated Concrete Forms," among others.

22.     Zerodocs has never obtained permission, authorization, or a license from CSI to use the MasterFormat Work, the CSI Marks, or the MASTERFORMAT Mark in any capacity.

23.     Upon information and belief, Zerodocs' unauthorized use of the MasterFormat Work, along with Zerodocs' deliberate misrepresentation of an affiliation with CSI through Zerodocs' infringing use of the CSI Marks and the

MASTERFORMAT Mark, has been a significant factor in Zerodocs' commercial success. Zerodocs has unlawfully capitalized on CSI's goodwill and industry recognition, and the goodwill embodied in the CSI Marks, the MASTERFORMAT Mark, and the MasterFormat Work to gain credibility, mislead consumers, and unfairly compete in the marketplace.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

### (17 U.S.C. § 501 *et seq.*)

24.    Plaintiff incorporates by reference each and every allegation set forth in the above Paragraphs, inclusive, as though fully stated herein.

25.    The MasterFormat Work is an original text and serial work containing copyrightable subject matter, fully protected under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

26.    CSI is the exclusive owner of all copyrights in the MasterFormat Work. CSI holds valid copyright registrations issued by the Copyright Office for the MasterFormat Work.

27.    By making the MasterFormat Work available for use in connection with Zerodocs products and services, Zerodocs has engaged in the unauthorized reproduction, distribution, and public display of the MasterFormat Work – all without CSI's permission or consent.

28.    Upon information and belief, Zerodocs' infringing conduct has been, and continues to be willful, intentional, and executed with full knowledge of CSI's ownership rights in the MasterFormat Work. Zerodocs has consciously disregarded CSI's rights, demonstrating a pattern of deliberate infringement.

29.    As a direct and proximate result of Zerodocs' ongoing, knowing, and willful infringement of the MasterFormat Work, CSI is entitled to statutory damages under 17 U.S.C. § 504(c), in an amount up to $150,000 with respect to Zerodocs' infringing use of the MasterFormat Work, or such other amount as may

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

be appropriate under 17 U.S.C. § 504(c). Alternatively, at CSI's election, pursuant to 17 U.S.C. § 504(b), CSI is entitled to recover CSI's actual damages, including Zerodocs' profits derived from the infringement, as will be proven at trial.

30.     In all events, Zerodocs' actions are actively causing harm to CSI, and unless enjoined, such unlawful conduct will continue to damage and cause immediate, irreparable harm to CSI and CSI's rights and business interests for which CSI has no adequate remedy at law.  CSI is thus entitled to a temporary restraining order, preliminary injunction, and permanent injunction.

31.     CSI further seeks an order requiring Zerodocs to pay for the attorneys' fees and costs that CSI has incurred in prosecution of this action to protect CSI's intellectual property rights, as permitted under the Copyright Act.

## SECOND CAUSE OF ACTION
### UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)(1)(A))

32.     Plaintiff incorporates by reference each and every allegation set forth in the above Paragraphs, inclusive, as though fully stated herein.

33.     CSI has continuously used the CSI Marks and the MASTERFORMAT Mark since 1948 and 1978, respectively, to market and promote certain goods and services in the construction specifications industry. Accordingly, CSI has significant rights to the CSI Marks and MASTERFORMAT Mark (collectively, the "Marks").

34.     As a result of CSI's extensive and longstanding use of the Marks, along with CSI's substantial investments in their promotion and protection, the Marks have become well-known, widely recognized, and valuable assets of CSI. These Marks are critical to CSI's brand identity and to the trust that CSI has built within the construction industry.

35.     Zerodocs' knowing, willful, and unauthorized use of the Marks is likely to cause confusion, mistake, and deception regarding the source origin of

Zerodocs' construction and specification products and services. Namely, members of the public are likely to mistakenly believe that Zerodocs' products and services are affiliated with, sponsored, approved, or endorsed by CSI when in fact they are not.

36.    Zerodocs' actions constitute a violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A), as they create a false designation of origin and a likelihood of consumer confusion.

37.    As a result of Zerodocs' wrongful conduct, CSI has suffered and continues to suffer significant damage, including harm to CSI's brand reputation, goodwill, and market position. CSI will likely continue to incur such damages unless this Court enjoins Zerodocs from further unauthorized use of the Marks.

38.    In addition, CSI is entitled to recover CSI's attorneys' fees and costs incurred in this action.

## <u>THIRD CAUSE OF ACTION</u>
## TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1117)

39.    Plaintiff incorporates by reference each and every allegation set forth in the above Paragraphs, inclusive, as though fully stated herein.

40.    Since the dates listed in Paragraph 7 *infra*, the CSI Marks have been registered on the USPTO's Principal Register. The CSI Mark registrations are incontestable under 15 U.S.C. § 1065.

41.    Since the dates listed in Paragraph 7 *infra*, the MASTERFORMAT Mark has been registered on the USPTO's Principal Register. The MASTERFORMAT Mark registration is incontestable under 15 U.S.C. § 1065.

42.    CSI has continuously used the CSI Marks to market and promote certain goods and services since as early as 1948. Similarly, CSI has consistently marketed and promoted the MASTERFORMAT Mark in connection with certain goods since as early as 1978. Accordingly, CSI has long-established and significant

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

Complaint                                                    Case No. 8:25-cv-00475_____

rights in the Marks.

43.    Due to CSI's widespread and longstanding use, along with CSI's substantial investment in the promotion and protection of the Marks, the CSI Marks and MASTERFORMAT Mark have become well-known and highly valuable assets of CSI.

44.    Zerodocs' knowing, willful, and unauthorized use of the Marks is likely to cause confusion, mistake, and deception regarding the source origin of Zerodocs' construction and specification products and services. Namely, members of the public are likely to mistakenly believe that Zerodocs' products and services are affiliated with, sponsored, approved, or endorsed by CSI when in fact they are not.

45.    Zerodocs' actions constitute a violation of 15 U.S.C. § 1117, as Zerodocs' unauthorized use of the Marks infringes upon CSI's trademark rights under the Lanham Act.

46.    As a result of Zerodocs' wrongful conduct, CSI has suffered and continues to suffer significant damage, including harm to CSI's brand reputation, goodwill, and market position. CSI will likely continue to incur such damages unless this Court enjoins Zerodocs from further unauthorized use of the Marks.

47.    In addition, CSI is entitled to recover CSI's attorneys' fees and costs incurred in this action.

## FOURTH CAUSE OF ACTION

### Trademark Dilution

### (15 U.S.C. § 1125(c))

48.    Plaintiff incorporates by reference each and every allegation set forth in the above Paragraphs, inclusive, as though fully stated herein.

49.    Since the dates listed in Paragraph 7 *infra*, the CSI Marks have been registered on the USPTO's Principal Register. The registrations for the CSI Marks are incontestable under 15 U.S.C. § 1065.

50.     Since the dates listed in Paragraph 7 *infra*, the MASTERFORMAT Mark has been registered on the USPTO's Principal Register. The MASTERFORMAT Mark registration is incontestable under 15 U.S.C. § 1065.

51.     CSI has continuously used the CSI Marks to market and promote certain goods and services since as early as 1948. Similarly, CSI has consistently marketed and promoted the MASTERFORMAT Mark in connection with certain goods since as early as 1978. These CSI promotions have involved substantial investment of time and money, resulting in widespread consumer knowledge of the Marks. Accordingly, the Marks are famous pursuant to 15 U.S.C. § 1125(c) as they are distinctive and well-known when used in association with the goods or services identified in the registrations, including to promote construction specification products and services.

52.     Zerodocs' knowing, willful, and unlicensed use of the Marks is likely to cause blurring or dilution of the Marks.

53.     As a result of Zerodocs' wrongful conduct, CSI has suffered and continues to suffer significant damage, including harm to CSI's brand reputation, goodwill, and market position. CSI will likely continue to incur such damages unless this Court enjoins Zerodocs from further unauthorized use of the Marks.

54.     In addition, CSI is entitled to recover CSI's attorneys' fees and costs incurred in this action.

## FIFTH CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

55.     Plaintiff incorporates by reference each and every allegation set forth in the above Paragraphs, inclusive, as though fully stated herein.

56.     Zerodocs provides, markets, and promotes construction specification services within the jurisdiction of the State of California. As such, Zerodocs is obligated to comply with the provisions of California statutes prohibiting unfair and deceptive business practices under the California Business & Professions Code §§

17200 *et seq.*

57.     Zerodocs prominently and unlawfully displays the Marks on the Zerodocs website to promote Zerodocs services. Zerodocs' egregious conducts include incorporating CSI's copyrighted MasterFormat Work into Zerodocs' Simple Specs product, as illustrated in Paragraph 20.

58.     Zerodocs' blatant infringement of CSI's copyright and trademarks violates the Copyright Act and the Lanham Act, further constituting unlawful business practices under the Business & Professions Code 17200 *et seq.*

59.     As a result of Zerodocs' wrongful conduct, Plaintiff suffered damages and seeks an order to enjoin Zerodocs from further unlawful business practices in the State of California.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully pray for the following relief:

*For the First Claim for Relief:*

1.     The Court enter an injunction ordering that Zerodocs, as well as Zerodocs' agents, officers, employees, and all other persons in privity or acting in concert with Zerodocs, be enjoined from using unauthorized copies of the MasterFormat Work;

2.     The Court enter an order against Zerodocs awarding CSI damages for Zerodocs improper actions identified above in an amount to be determined by the Court, but in no event, less than $150,000;

3.     The Court enter an order against Zerodocs awarding CSI an amount equal to the amounts the CSI incurred in prosecuting CSI's claims in this matter, including amounts for reasonable attorneys' fees and costs; and

4.     The Court enter an order awarding such other relief as it may deem appropriate.

*For the Second Claim for Relief:*

5.     The Court enter an injunction ordering that Zerodocs, as well as

1  Zerodocs' agents, officers, employees, and all other persons in privity or acting in
2  concert with Zerodocs, be enjoined from using the Marks, or any other marks
3  confusingly similar to the Marks, to advertise or promote the provision of
4  construction specification related products and services;

5        6.    The Court enter an order against Zerodocs awarding CSI damages for
6  Zerodocs improper actions identified above in an amount to be determined by the
7  Court, but in no event, less than $10,000;

8        7.    The Court enter an order against Zerodocs awarding CSI an amount
9  equal to the amounts that CSI incurred in prosecuting CSI's claims in this matter,
10  including amounts for reasonable attorneys' fees and costs; and

11        8.    The Court enter an order awarding such other relief as it may deem
12  appropriate.

13          **For the Third Claim for Relief:**

14        9.    The Court enter an injunction ordering that Zerodocs, as well as
15  Zerodocs' agents, officers, employees, and all other persons in privity or acting in
16  concert with Zerodocs, be enjoined from using the Marks, or any other marks
17  confusingly similar to the Marks, to advertise or promote the provision of
18  construction specification related products and services;

19        10.    The Court enter an order against Zerodocs awarding CSI damages for
20  Zerodocs' improper actions identified above in an amount to be determined by the
21  Court, but in no event, less than $150,000;

22        11.    The Court enter an order against Zerodocs awarding CSI an amount
23  equal to the amounts that CSI incurred in prosecuting CSI's claims in this matter,
24  including amounts for reasonable attorneys' fees and costs; and

25        12.    The Court enter an order awarding such other relief as it may deem
26  appropriate.

27          **For the Fourth Claim for Relief:**

28        13.    The Court enter an injunction ordering that Zerodocs, as well as

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

Zerodocs' agents, officers, employees, and all other persons in privity or acting in concert with Zerodocs, be enjoined from using the Marks, or any other marks confusingly similar to the Marks, to advertise or promote the provision of construction specifications related products or services;

14.    The Court enter an order against Zerodocs awarding CSI an amount equal to the amounts that CSI incurred in prosecuting CSI's claims in this matter, including amounts for reasonable attorneys' fees and costs; and

15.    The Court enter an order awarding such other relief as it may deem appropriate.

**For the Fifth Claim for Relief:**

16.    The Court enter an injunction ordering that Zerodocs, as well as Zerodocs' agents, officers, employees, and all other persons in privity or acting in concert with Zerodocs, be enjoined from using the Marks, or any other marks confusingly similar to the Marks, to advertise or promote the provision of construction specification related products and services;

17.    The Court enter an order of restitution of any monies that Zerodocs received that should have gone to CSI, as provided under California Business and Professions Code Sections 17200, et seq.; and

18.    The Court enter an order awarding such other relief as it may deem appropriate.

DATED:  March 11, 2025                 BUCHALTER
                                        A Professional Corporation


                                        By: _____
                                            GABRIEL G. GREEN
                                            ELAINE Y. CHENG

                                            Attorneys for Plaintiff
                                            The Construction Specifications
                                            Institute, Incorporated

BN 87222709

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

15

Complaint                                          Case No. 8:25-cv-00475_____